UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-301-TBR

WILLIAM BILLUPS,

                                                                           Petitioner,

v.

UNITED STATES OF AMERICA,                                  Respondent.


## Opinion, Report, and Recommendation

Petitioner William Billups ("Billups") has filed a "Motion for Relief from Judgment or Order And/Or, in the Alternative, Petition for Writ of Habeas Corpus." (DN 1.) The United States filed a motion to dismiss Billups's motion based on the doctrine of *res judicata*. (DN 10.) Prior to the filing of its motion to dismiss, the United States untimely requested an extension to file a reply. (DN 9.) Billups also filed a motion to strike the government's request for an extension (DN 11) and a motion that the Court interprets as a motion for default judgment (DN 7). For the reasons stated below, the undersigned **GRANTS** the government's motion to file a late reply (DN 9), **DENIES** Billups's motion to strike (DN 11), and **RECOMMENDS** that the Court **DISMISS** Billups's action.

### I. Factual Background and Procedural History

#### A. Factual Background

Billups is currently serving a fifteen-year sentence at the Northpoint Training Center detention facility in Boyle County, Kentucky for burglary and violating Kentucky's persistent felony offender statute.[1] Besides his recent state court convictions, Billups has been under the United States Probation Office's supervision since 2001 following convictions for mail theft and

---

[1] http://kool.corrections.ky.gov/KOOL/Details/247094

conspiracy to defraud the United States.[2]  (CR DN 121.)  After serving a fifteen-month federal sentence, Billups was released in March 2001 subject to thirty-six months of supervised release. Billups violated the conditions of his supervised release in October 2001, and the Court subsequently sentenced him to six months incarceration to be followed by thirty months of supervised release.  Following the completion of his six-month sentence in March 2002, Kentucky state officials immediately took Billups into custody because of a detainer they had lodged against him.

Billups remained incarcerated on state charges until he was released in July 2009. Following his release, Billups began serving his thirty months of supervised release from 2002. Before his supervised release was to terminate on December 29, 2011, state police arrested Billups three times for three separate offenses taking place in July 2010, May 2011, and September 2011.  Based on these arrests, the Court issued a warrant for Billups's arrest on December 29, 2011 for potentially violating the terms of his supervised release.  (CR DN 193.) Federal officials could not execute the arrest warrant, however, because Billups was incarcerated in state prison for his September 2011 offense.  (*Id*.)  Prior to the expiration of his sentence for the September 2011 crime, Billups was convicted of the July 2010 and May 2011 offenses and sentenced to an additional fifteen years in a state correctional facility (Northpoint Training Center).  Based on the outstanding arrest warrant, the United States lodged a detainer on Billups in January 2012.  That detainer serves as the basis for Billups's instant motion.

---

[2] Billups's criminal case number is 3:99-CR-135-GNS.  The Court will refer to docket entries in the criminal action rather than docket entries in this civil action with the designation "CR DN."

B. Procedural History

On May 12, 2017, Billups filed his latest motion seeking relief from the federal detainer under Fed. R. Civ. P. 60(b)(5) and 28 U.S.C. §2241.  (DN 1; CR DN 209.)  Billups has been a frequent litigant in this Court, as the present motion will be the *sixth* time the Court has ruled on a request from Billups to have the federal detainer dismissed.  The Court denied his first motion on January 30, 2015 (CR DN 199), his second motion on August 24, 2015 (CR DN 206), his third motion on December 29, 2016 (CR DN 208), his fourth motion on June 6, 2017 (CR DN 210), and his fifth motion on July 13, 2017 (CR DN 212).

The contents of Billups's fourth motion are at issue in this civil action (making it the sixth overall), but as noted above, the Court denied the same motion on June 6, 2017 in the criminal action.  (CR DN 210.)  In his opinion, District Judge Gregory N. Stivers held that Federal Rule of Civil Procedure 60(b)(5) cannot be used by a party to seek relief in a criminal proceeding.  (CR DN 210, #98) (citing *U.S. v. Moon*, 527 F. App'x. 473, 474 (6th Cir. 2013); *U.S. v. Gibson*, 424 F. App'x.  461, 464 (6th Cir. 2011); *U.S. v. Bender*, 96 F. App'x. 344, 345 (6th Cir. 2004); *U.S. v. Diaz*, 79 F. App'x. 151, 152 (6th Cir. 2003)).  Judge Stivers also denied Billups's fifth motion, a motion for a "rehearing," on July 13, 2017.  (CR DN 212.)  It is on this basis that the United States filed its response, arguing that that Billups's motion should be dismissed because Judge Stivers has already denied it (twice) in the criminal action.  (DN 10, #35.)

Also pending before the Court are three additional motions.  The United States was supposed to have filed a response to Billups's motion no later than June 16, 2017, but did not do so.  Instead, on July 6, 2017, the government filed a motion requesting an extension to file a response (DN 9); it eventually filed a response on July 17, 2017 (DN 10.)  In the meantime,

Billups filed both a motion for default judgment on June 29, 2017 (DN 7) and a motion to strike the government's request for an extension of time (DN 11).

## II. Legal Standard

If a party in a civil action files a motion requesting an extension of a deadline after that deadline has passed, the heightened standard of Rule 6(b) of the Federal Rules of Civil Procedure applies. Rule 6(b) states, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b).

## III. Analysis

### A. Motion for an Extension and Motion to Strike

In its motion requesting an extension, the United States avers that "an internal docketing oversight" was the reason behind its non-response to Billups's motion/petition. (DN 9, #31.) Per the Court's May 17, 2017 Order, the United States' response was due by June 16. (DN 5, #22.) But it was not until July 6 that the United States realized it was tardy in filing a response, and it requested an extension until July 25. (DN 9, #31.) The government eventually filed its response on July 17. (DN 10.) On August 3, Billups filed a motion to strike the government's request for an extension, stating that the Court should strike the United States' July 17 response because the government did not request an extension before the filing deadline. (DN 11, #39.)

Because the United States did not request an extension before the June 16 deadline, it must meet the "excusable neglect" late filing standard contained within Federal Rule of Civil Procedure 6(b). Neither party cited the applicable law. The Sixth Circuit has set forth a five-factor balancing test to determine if a party meets the "excusable neglect" standard:

(1) The danger of prejudice to the nonmoving party;

(2) The length of the delay and its potential impact on judicial proceedings;

(3) The reason for the delay;

(4) Whether the delay was within the reasonable control of the moving party; and

(5) Whether the late-filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, the Court finds that the balancing test weighs in favor of the United States.  The government's late filing will not prejudice Billups because as the Court will explain in section IIIC of this opinion and recommendation, the undersigned would have recommended dismissal of his claim even without a government response due to a lack of subject matter jurisdiction.  Although the delay was roughly three weeks (a not insignificant amount of time), the delay did not impact the judicial proceedings.  The Court accepts the government's explanation for the delay (an internal docketing error), even though the government's internal schedule is fully within its control.  Finally, the Court believes that the government has acted in good faith, as evidenced by its prompt action once it discovered the oversight in its docketing system.  It has met the "excusable neglect" standard.

Therefore, the Court considers the United States' motion to dismiss to be timely filed and denies Billups's motion to strike.

## B. Issue Preclusion

Although it does not mention the doctrine by name, the United States invokes the concept of issue preclusion in requesting that Billups's motion be overruled.  (DN 10, #35.)  In his motion to strike, Billups included a response to the government's motion as an exhibit.  (DN 11-1.)  He correctly states that Judge Stivers did not "look to or decide the merits of the claim

advanced in the Rule 60(b) motion."  (DN 11-1, #43.)  Billups thus argues that his 28 U.S.C.
§2241 claim is unaffected by Judge Stivers's ruling.  (*Id*.)

Issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated
and resolved in a valid court determination essential to the prior judgment,' even if the issue
recurs in the context of a different claim."  *General Elect. Medical Systems Europe v.
Prometheus Health*, 394 Fed. App'x. 280, 283 (6th Cir. 2010) (quoting *Hampshire v. Maine*, 532
U.S. 742, 748 (2001)).  There are four elements to issue preclusion: (1) the identical issue was
raised and actually litigated in a prior proceeding; (2) the determination of the issue was
necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final
judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and
fair opportunity to litigate the issue in the prior proceeding.  *Id*. (citing *Aircraft Braking Sys.
Corp. v. Local 856, Int'l Union, United Auto., Aerospace and Agric. Implement Workers, UAW*,
97 F. 3d 155, 161 (6th Cir. 1996)).

The undersigned recommends that the Court bar Billups from reasserting his Rule 60(b)
claim based on the doctrine of issue preclusion.  Looking at the four elements in turn, the issue is
identical because the motion in this civil action (DN 1) is the same motion in the criminal action
(CR DN 210) that Judge Stivers has already ruled on.  As it was the only issue upon which Judge
Stivers based his opinion, it is axiomatic that its determination was necessary to the outcome of
the ruling.  Finally, Judge Stivers's ruling became final when he denied Billups's request for a
rehearing (CR DN 212), and as the movant in the criminal case, Billups had every opportunity to
fully litigate and brief his motion.  Any subsequent motions Billups files requesting that this
Court or any other remove the federal detainer based on Rule 60(b), such as this one, are barred

by issue preclusion.  Billups is correct, however, in asserting that Judge Stivers's ruling does not dismiss his claim under 28 U.S.C. §2241.

### C. Billups's §2241 Cause of Action

The only matter left for the Court to determine is Billups's request to remove the federal detainer pursuant to 28 U.S.C. §2241.  A petition under §2241 is proper when a prisoner attacks the execution of his sentence rather than the validity of it (i.e. that his sentence is unconstitutional).  *United States v. Jalili*, 925 F. 2d 889, 893 (6th Cir. 1991).  Billups does not explain how he is entitled to relief under §2241, but rather merely references it in the introduction section of his written submission.  (DN 1, #1.)  The Court is thus left to wonder exactly what Billups attacks via his §2241 claim: the punishment for violating the terms of his supervised release (six months in jail followed by thirty months supervised release) itself or the federal detainer lodged on him for his alleged violations in 2010 and 2011.  This question must necessarily go unanswered, however, because several procedural issues prevent the Court from reaching the merits of Billups's claim.

First, the Western District of Kentucky is not the proper forum in which to adjudicate Billups's §2241 claim.  A §2241 petition is properly filed in the district in which the prisoner is confined, not the district where the complained-of action took place.  *United States v. Jalili*, 925 F. 2d 889, 893–94 (6th Cir. 1991).  Because Billups is currently incarcerated in Boyle County, Kentucky, he should have filed his §2241 claim in the Eastern District of Kentucky, not the Western District.  Therefore, pursuant to 28 U.S.C. §1406(a), the Court must either transfer this action to the Eastern District of Kentucky or dismiss it entirely.

In this case, the undersigned recommends dismissal because of the aforementioned second procedural issue: Billups's suit under §2241 itself is improper regardless of where he brings it.  A prisoner is not entitled to bring a §2241 habeas corpus suit without first

demonstrating that he cannot obtain the relief he seeks through either a §2255 or §2254 suit. *Liddell v. Young*, 61 Fed. App'x. 943, 944 (6th Cir. 2003); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F. 3d 1348, 1351–52 (11th Cir. 2008) ("[A] prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions or § 2255 motions by nominally bringing suit under § 2241").   A review of both the civil and criminal dockets in this case reveals that despite Billups's numerous failed attempts to have this Court remove the federal detainer, he has not filed a motion demonstrating why relief under § 2255 and §2254 is unavailable to him.   In other words, as the Eleventh Circuit in *Antonelli* stated, Billups cannot avoid the procedural restrictions of §2254 and §2255 by simply filing a §2241 suit. *Antonelli*, 542 F. 3d at 1351–52.

Therefore, the undersigned recommends that Billups's §2241 cause of action be dismissed.   As the undersigned recommends the dismissal of Billups's entire case, it is not necessary to address his motion for default judgment (DN 7).

## IV. Conclusion and Recommendation

For the reasons stated above, the Court **GRANTS** the government's motion for an extension (DN 9) and **DENIES** Billups's motion to strike (DN 11).   The undersigned further **RECOMMENDS** that Billups's petition (DN 1) be **DISMISSED** and his motion for default judgment (DN 7) be **DENIED** as **MOOT**.


cc: Defendant-petitioner, pro se
    U.S. Attorney

## **Notice**

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations.  A copy shall forthwith be electronically transmitted or mailed to all parties.  28 U.S.C. § 636(b)(1)(C).  Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations.  Fed. R. Crim. P. 59(b)(2).  Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal.  *Id.*; *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985).