UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-301-TBR

WILLIAM BILLUPS,                                                      PETITIONER,

v.

UNITED STATES OF AMERICA,                            RESPONDENT

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner William Billups's "Motion for Relief from Judgment or Order And/Or, in the Alternative, Petition for Writ of Habeas Corpus." [DN 1.] The United States responded by filing a motion to dismiss Billups's motion on *res judicata* grounds, [DN 10.][1] The Magistrate Judge issued Findings of Fact, Conclusions of Law and a Recommendation, in which the court addressed each of Billups's claims and recommended that his motion be denied and his petition dismissed. [DN 14.] Billups filed objections to the Magistrate Judge's report, [DN 15], and the United States did not respond. Fully briefed, this matter is now ripe for adjudication. Having reviewed Billups's objections, the Court **ADOPTS** the Magistrate Judge's Findings of Fact and Conclusions of Law and **ADOPTS** the Magistrate Judge's Recommendation that Billups's motion be denied. For the reasons that follow, Billups's Objections are **OVERRULED**. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

DISCUSSION

"Billups is currently serving a fifteen-year sentence at the Northpoint Training Center detention facility in Boyle County, Kentucky for burglary and violating Kentucky's persistent

---

[1] Though the United States' motion, [DN 10], was untimely filed, in his Report and Recommendation, the Magistrate Judge granted the United States' motion to file a late response and denied Billups's motion to strike that response. [DN 14 at 4–5.] Therefore, the Court will consider the United States' response here.

1

felony offender statute." [DN 14 at 1.] The following pertinent facts, taken from the Magistrate Judge's Report, are as follows:

> Billups . . . [was] incarcerated on state charges until he was released in July 2009. Following his release, Billups began serving his thirty months of supervised release from 2002. Before his supervised release was to terminate on December 29, 2011, state police arrested Billups three times for three separate offenses taking place in July 2010, May 2011, and September 2011. Based on these arrests, the Court issued a warrant for Billups's arrest on December 29, 2011 for potentially violating the terms of his supervised release. (CR DN 193.) Federal officials could not execute the arrest warrant, however, because Billups was incarcerated in state prison for his September 2011 offense. (*Id.*) Prior to the expiration of his sentence for the September 2011 crime, Billups was convicted of the July 2010 and May 2011 offenses and sentenced to an additional fifteen years in a state correctional facility (Northpoint Training Center). Based on the outstanding arrest warrant, the United States lodged a detainer on Billups in January 2012. That detainer serves as the basis for Billups's instant motion.

[*Id.* at 2.] Herein, Billups, makes his sixth attempt to have the federal detainer lodged against him in his prior federal criminal case dismissed. [*Id.* at 3.] His previous five attempts were made by motion in the criminal action, No. 3:99-CR-135-GNS.

In his instant motion, Billups seeks relief from the federal detainer under Federal Rule of Civil Procedure 60(b)(5) and, in the alternative, 28 U.S.C. § 2241. [DN 1 at 1.] In his motion, Billups states that he "seeks relief from said detainer on the grounds that the judgment upon which the detainer is based has been satisfied, released, or discharged." [*Id.*] However, Billups filed the exact same motion in his criminal case. [CR DN 209.][2] Judge Stivers denied that motion on June 9, 2017 and denied Billups's motion for rehearing as to that motion on June 19, 2017. [CR DN 210; DN 212.] Judge Stivers denied Billups's motion on the grounds "that Rule 60(b) is unavailable in criminal proceedings." [CR DN 210 at 2 (citing cases).]

In its motion to dismiss Billups's current motion, the United States contends that Billups's motion, the same as the one filed as DN 209 in his criminal case, was docketed in this

---

[2] As the Magistrate Judge did in his Report and Recommendation, this Court will refer to the docket entries in Billups's criminal case herein as "CR DN."

2

civil case erroneously. [DN 10 at 1.] Moreover, because Judge Stivers already considered and denied the same motion in Billups's criminal case, the United States contends that this "motion docketed in the civil matter should be denied as moot." [*Id.*] The Magistrate Judge construed the United States' argument as "invok[ing] the concept of issue preclusion in requesting that Billups's motion be overruled." [DN 14 at 5.] The Magistrate Judge agreed with the United States that the portion of Billups's motion seeking relief barred under the doctrine of issue preclusion, because that issue was "actually litigated and resolved in a valid court determination essential to the prior judgment." [*Id.* at 6 (quoting *Gen. Elect. Med. Sys. Europe v. Prometheus Health*, 394 F. App'x 280, 283 (6th Cir. 2010)).] Accordingly, the Magistrate Judge recommended that this "Court bar Billups from reasserting his Rule 60(b) claim" on that ground. [*Id.*]

However, the Magistrate Judge also agreed with Billups that the relief he seeks under 28 U.S.C. § 2241 is not barred by issue preclusion because Judge Stivers did not decide that issue in his prior decision. [*Id.*; *see* CR DN 209.] "However, because several procedural issues prevent[ed] the Court from reaching the merits of Billups's" habeas petition under § 2241, the Magistrate Judge did not reach that issue. [DN 14 at 7.] In detail, the Magistrate Judge explained that "the Western District of Kentucky is not the proper forum in which to adjudicate Billups's § 2241 claim. A § 2241 petition is properly filed in the district in which the prisoner is confined, not the district where the complained-of action took place." [*Id.* (citing *United States v. Jalili*, 925 F. 2d 889, 893–94 (6th Cir. 1991)).] The Magistrate Judge explained that, "[b]ecause Billups is currently incarcerated in Boyle County, Kentucky, he should have filed his § 2241 claim in the Eastern District of Kentucky, not the Western District. Therefore, pursuant to 28 U.S.C. §1406(a), the Court must either transfer this action to the Eastern District of Kentucky or dismiss it entirely." [*Id.*] *See also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (internal citations omitted) ("[C]ourts have uniformly held that . . . claims seeking to challenge the execution or manner in which the sentence is served

shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.").

However, the Magistrate Judge ultimately recommended that the Court dismiss Billups's action entirely, reasoning that transferring it to the Eastern District of Kentucky would be futile because "Billups's suit under § 2241 itself is improper regardless of where he brings it." [*Id.*] This is because, according to the Magistrate Judge, "[a] prisoner is not entitled to bring a § 2241 habeas corpus suit without first demonstrating that he cannot obtain the relief he seeks through either a § 2255 or § 2254 suit." [*Id.* at 7–8 (citing *Liddell v. Young*, 61 Fed. App'x. 943, 944 (6th Cir. 2003); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F. 3d 1348, 1351–52 (11th Cir. 2008).] Indeed, in *Liddell*, the Sixth Circuit explained that only "[u]nder highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Liddell*, 61 F. App'x at 944. In that case, the court held that the petitioner's § 2241 claim was properly dismissed as he "had opportunities to challenge his conviction and sentence" under § 2255 and because "his asserted claims d[id] not constitute claims of actual innocence," which he would have been barred from raising under § 2255. *Id.*; *see also Charles*, 180 F.3d at 756 ("[P]ursuant to the 'savings clause' in § 2255, a federal prisoner may bring a claim challenging his conviction or imposition of sentence under § 2241, if it appears that the remedy afforded under § 2255 is 'inadequate or ineffective to test the legality of his detention.' . . . It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.").

Applying these principles here, the Magistrate Judge explained that "[a] review of both the civil and criminal dockets in this case reveals that despite Billups's numerous failed attempts to have this Court remove the federal detainer, he has not filed a motion demonstrating why relief under §

4

2255 and § 2254 is unavailable to him." [DN 14 at 8.] Therefore, "Billups cannot avoid the procedural restrictions of § 2254 and § 2255 by simply filing a § 2241 suit." [*Id.*] The Court agrees with this conclusion. Billups then filed objections to the Magistrate Judge's Report and Recommendation, as is his right under 28 U.S.C. § 636(b)(1)(C). [DN 15.][3] Pursuant to that statute, this Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

In his objections, Billups "submits that because the 30 months of supervised release had been completed prior to the execution of the warrant by the United States Probation Office in criminal action No. 3:99-CR-00135-JGH for the U.S. District Court for the Western District; Billups is entitled to have the detainer dismissed." [*Id.* at 1–2.] He also "submits that pursuant to U.S.C. §1406(a); that this court should transfer the entire proceeding to the Eastern District of Kentucky in Lexington, instead of dismissing the case." [*Id.* at 1.] However, Billups did not specifically object to the Magistrate Judge's finding that transferring this action to the Eastern District of Kentucky would be futile because Billups is not entitled to relief under § 2241 regardless of where he files a claim, as he has not shown why relief under § 2255 or § 2254 would be inadequate or ineffective. [*See* DN 14 at 7–8.] Under § 636(b)(1)(C), the Court must only conduct a de novo review "of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). Because Billups did not object to the Magistrate Judge's recommendation that his petition be denied on the grounds that transferring the action to the Eastern District would be futile, and because the Court agrees with that determination, Billups's objections are overruled.

---

[3] Billups captioned his objections as a "Motion to Object to the Findings & Recommendations of Magistrate Judge." [DN 15.] However, Billups does not move to file future objections, as that caption suggests. Rather, DN 15 simply contends Billups's response to the Magistrate Judge's Report and Recommendation. Therefore, the Court will construe it as his objections thereto.

CONCLUSION

In sum, the Court has "ma[d]e a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection [wa]s made." 28 U.S.C. § 636(b)(1). For the reasons set forth above, it is hereby ordered as follows:

(1) Billups's objections, [DN 15], are **OVERRULED** and the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation, [DN 14], are **ADOPTED**.

(2) Billups's Motion for Relief from Judgment or Order And/Or, in the Alternative, Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, [DN 1], is **DENIED** and a certificate of appealability is **DENIED** as to all grounds raised in his motion.

(3) Billups's Motion for Magistrate's Report and Recommendation or Default Judgment, [DN 7], is **DENIED AS MOOT**.

(4) The United States' Motion to Dismiss Petitioner's Motion, [DN 10], is **GRANTED**.

**IT IS SO ORDERED**.

Date:

cc: Counsel

William Billups
#159811
NORTHPOINT TRAINING CENTER
P.O. Box 479
Burgin, KY 40310
PRO SE